THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* VÁZQUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 621.—Decided November 6, 1913.

LOTTERY TICKETS—SELLING LOTTERY . TICKETS—ACCOMPLICE—EVIDENCE—TESTI-MONY · OF PURCHASER OF LOTTERY TICKETS.—As section 293 of the Penal Code makes only the selling of lottery tickets a crime and not the buying of them, the purchaser cannot be considered as an accomplice of the seller; therefore his testimony in an action against the seller does not require the corroboration required by section 253 of the Code of Criminal Procedure regarding the testimony of accomplices in general.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Antonio Trujillo* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of conviction rendered by the District Court of San Juan, Section 2, on April 16, 1913, against Felipe Vázquez for the offense of selling lottery tickets, sentencing him to pay a fine of $75, or in default thereof to one day's imprisonment for each dollar of the fine not paid.

The pertinent part of the information reads as follows:

. . "The said Felipe Vázquez, about the end of March, 1912, unlawfully and wilfully sold to Luciano Ramos, within the judicial district

of San Juan, 54 Santo Domingo lottery tickets of series No. 155 of
April 14, 1912.''

The accused pleaded not guilty and a day having been set
for the trial, Luciano Ramos, a witness, testified thereat under
oath as follows:

,''That about the end of March, 1912, he purchased some Santo
Domingo lottery tickets from the accused and was subsequently prose-
cuted and convicted on a charge of selling the same tickets to another
person.''

The *fiscal* offered in evidence the written confession of
the accused. The accused objected to its admission and it
appearing that he had not been advised of his rights under
the law when he made the said confession before the *fiscal,*
the latter withdrew the document offered in evidence.

The accused then moved that the information be quashed
on the ground that there was no evidence against him, the
only testimony introduced being that of a witness who was
an accomplice. The motion was overruled and upon the
failure of the defense to offer any evidence the court ren-
dered the judgment to which we have referred.

The only question, therefore, to be decided in this case
is whether the testimony of Luciano Ramos alone is sufficient
to support the judgment of conviction rendered.

Section 253 of the Code of Criminal Procedure reads as
follows:

''A conviction cannot be had on the testimony of an accomplice,
unless he is corroborated by other evidence, which in itself, and with-
out the aid of the testimony of the accomplice, tends to connect the
defendant with the commission of the offense; and the corroboration
is not sufficient, if it merely shows the commission of the offense, or
the circumstances thereof.''

Consequently, if Luciano Ramos was actually an accom-
plice of the appellant Vázquez, said testimony would be insuf-
ficient for the conviction of the latter, inasmuch as it was not

corroborated by any other evidence tending of itself to connect the accused with the commission of the crime.  On the other hand, if Ramos cannot be considered as an accomplice of Vázquez, his testimony alone, deserving as it did the entire credence of the court, would be sufficient upon which to base the judgment of conviction rendered.

The appellant contends that the witness became his accomplice by the act of purchasing from him the tickets referred to in the information.  But while it is true that both were parties to a single contract, it is also a fact that the law declares said contract to be an offense only as regards one of the parties thereto—that is, the seller.  The other contracting party incurs no criminal liability and therefore cannot be held under the penal law to be an accomplice in the offense committed.

"An accomplice, within the rules of evidence hereafter treated, is one who is in some way concerned in the commission of a crime. The term includes all who are concerned in the crime whether as principals in the first or second degree or as accessaries.  The test by which to determine whether one is an accomplice is to ascertain whether he could be indicted for the offense for which the accused is being tried."  12 Cyc., 445, and cases there cited.  See also sections 35, 36, 37 and 47 of the Penal Code.

As we have stated, the law in force in Porto Rico does not provide for the punishment of the purchaser of a lottery ticket, therefore the purchaser cannot be prosecuted for the offense of selling tickets expressly defined and punishable by section 293 of the Penal Code, for which offense the accused was tried and convicted in the present action.  Therefore, the testimony of the witness Ramos' who purchased the tickets, cannot be considered as that of an accomplice requiring corroboration.

In support of our doctrine we will cite also the jurisprudence established in the following cases: *Ex parte McClain,* 134 Cal., 110, 111; *Keith* v. *The State,* 38 Tex. Cr. App., 678, 680, and *The People* v. *Emerson,* 6 N. Y. Cr., 157, 5 N. Y. Supp., 374.

In the first of said cases (*Ex parte McClain*) it was decided that, in accordance with the Constitution of the State of California, a municipal corporation, in the exercise of its police powers, had authority to make it unlawful by ordinance for any person to have a lottery ticket in his possession and to punish a violation of the same. In reviewing the penal law of the State, which is similar to that in force in Porto Rico, the court, in its opinion, expressed itself as follows: "It is true that the State, while declaring it to be a penal offense to sell a lottery ticket, has not made the purchaser equally culpable. But no one will question the right of the State to declare, if it see fit so to do, that the purchaser of a lottery ticket, equally with the vendor, is guilty of a misdemeanor."

In the second case (*Keith v. The State*) it was held that the only culpable party in the offense of selling liquors prohibited by law was the seller and that, therefore, the purchaser could not be considered as an accomplice of the seller.

And in the third case, as quoted in 12 Cyc., 448, it was held that the purchaser of a lottery ticket is not an accomplice of the seller when the latter is charged with the sale only.

For the foregoing reasons, and failing to find any fundamental error after a careful examination of the entire transcript of the record, the appeal should be dismissed and the judgment appealed from affirmed.

*Judgment affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.